ASH

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaine Carl Cagle, | No.    CV-22-01902-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Defendants. | |

On November 7, 2022, Plaintiff Shaine Carl Cagle, who was then-confined in the Arizona State Prison Complex (ASPC)-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and a deficient Application to Proceed In Forma Pauperis. In a November 18, 2022 Order, the Court denied the deficient Application to Proceed, and gave Plaintiff 30 days to either pay the filing fees for this action, or to submit a complete Application to Proceed In Forma Pauperis.

Subsequently, Plaintiff filed a new Application to Proceed and several motions, including two Motions to Amend.  By Order dated March 31, 2023, the Court granted the Application to Proceed and the Motions to Amend, granted Plaintiff 30 days in which to file a First Amended Complaint, and informed Plaintiff that it would take no action on Plaintiff's Complaint pending the filing of a First Amended Complaint.

After seeking and receiving an extension of time, Plaintiff filed his First Amended Complaint on May 11, 2023.  Subsequently, counsel filed an appearance on Plaintiff's behalf but did not seek leave to amend the First Amended Complaint or make any filings

on Plaintiff's behalf.  By order dated October 16, 2023, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim.  Plaintiff was given 30 days in which to file a Second Amended Complaint that cured the deficiencies identified in the Order.

Plaintiff, through counsel, has now filed a Second Amended Complaint (Doc. 24), and a *non-prisoner* Application to Proceed In Forma Pauperis indicating that Plaintiff is no longer in custody (Doc. 23).  The Court will deny the Application to Proceed, will dismiss Defendants Unknown Centurion Director of Nursing, Unknown NaphCare Facility Health Administrator, and Counts 9, 10, 25, and 26 without prejudice, and will order the remaining Defendants to answer the remainder of the Second Amended Complaint.

**I.      Non-Prisoner Application to Proceed In Forma Pauperis**

At the time Plaintiff filed the non-prisoner Application to Proceed In Forma Pauperis, he had been "recently released from prison and [was] living in a transitional housing facility…" (Doc. 23).  However, it appears that Plaintiff has subsequently been reincarcerated.[1]  Accordingly, the Court will deny the non-prisoner Application to Proceed.  Plaintiff's previously granted Application to Proceed In Forma Pauperis (Docs. 8, 15) remains in effect.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the

---

[1] *See* Arizona Department of Corrections "Inmate Data Search" (*available at* https://corrections.az.gov/inmate-data-search) (*search for* Inmate #079874, indicating that Plaintiff was reincarcerated on or about January 23, 2024, and is currently housed at ASPC-Tucson) (*last visited* March 4, 2024).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

**III.    Second Amended Complaint**

In his 29-count Second Amended Complaint, Plaintiff names the following Defendants: Centurion, LLC, and Centurion of Arizona, LLC (collectively, "Centurion"); NaphCare, Inc., and NaphCare Arizona, LLC (collectively, "NaphCare"); "prescribers" Jonathon Mahn, Rodney Stewart, William Dennis, Gary Gawelko, and Ambrosia Boyd; Facility Health Administrator Ashley Bardwell; and several unknown Defendants, referred to as the "Unknown Centurion Director of Nursing," the "Unknown NaphCare Facility Health Administrator," and "John and Jane Does I-X."[2]  Plaintiff seeks declaratory and monetary relief, as well as punitive damages.

Plaintiff's claims arise from a common core of operative facts, summarized as

---

[2] Plaintiff makes no allegations against "John and Jane Does I-X," and appears to name them simply as placeholders for individuals or entities that may be discovered later. Accordingly, they will be dismissed from the Second Amended Complaint.  If Plaintiff discovers additional Defendants, he may move to amend his Second Amended Complaint to include allegations and claims against them in compliance with Rule 15 of the Federal Rules of Civil Procedure.

follows: Plaintiff suffers from chronic pain and seizures resulting from several traumatic injuries pre-dating his incarceration.  To manage his conditions, Plaintiff was prescribed both pain medication and muscle relaxants for years prior to his incarceration.  Upon his incarceration in 2022, however, Defendants discontinued, delayed, or improperly prescribed his medications, resulting in several seizures and ongoing pain.  Despite filing numerous Health Needs Requests (HNRs) and speaking directly with Defendants detailing his conditions and their required medications on numerous occasions, Defendants refused to provide the medications, or refused to provide them in appropriate dosages.  Defendants repeatedly told Plaintiff that their refusal to properly medicate him was due to the policies, practices, or customs of Defendants Centurion, and later, Defendant NaphCare.

Accordingly, Plaintiff alleges the following claims for relief:

Count 1: Eighth Amendment claim against Centurion;

Count 2: Eighth Amendment claim against NaphCare;

Count 3: Eighth Amendment claim against Mahn;

Count 4: Eighth Amendment claim against Bardwell;

Count 5: Eighth Amendment claim against Stewart;

Count 6: Eighth Amendment claim against Dennis;

Count 7: Eighth Amendment claim against Gawelko;

Count 8: Eighth Amendment claim against Boyd;

Count 9: Eighth Amendment claim against Unknown Centurion Director of Nursing;

Count 10: Eighth Amendment claim against Unknown NaphCare Facility Health Administrator;

Count 11: Intentional Infliction of Emotional Distress against Mahn;

Count 12: Negligent Infliction of Emotional Distress against Mahn;

Count 13: Intentional Infliction of Emotional Distress against Stewart;

Count 14: Negligent Infliction of Emotional Distress against Stewart;

Count 15: Institutional Negligence against Centurion;

Count 16: Institutional Negligence against NaphCare;

Count 17: Respondeat Superior against Centurion;

Count 18: Respondeat Superior against NaphCare;

Count 19: Medical Negligence against Mahn;

Count 20: Medical Negligence against Stewart;

Count 21: Medical Negligence against Dennis;

Count 22: Medical Negligence against Gawelko;

Count 23: Medical Negligence against Boyd;

Count 24: Negligence against Bardwell;

Count 25: Negligence against Unknown Centurion Director of Nursing;

Count 26: Negligence against Unknown NaphCare Facility Health Administrator;

Count 27: Negligent Hiring against NaphCare;

Count 28: Negligent Supervision against Centurion; and

Count 29: Negligent Supervision against NaphCare.

**IV.    Failure to State a Claim**

Plaintiff alleges that he submitted formal grievances to the Unknown Centurion Director of Nursing and the Unknown NaphCare Facility Health Administrator, but never received a response from either.  However, Plaintiff does not describe what particular information he provided to these individuals in the grievances, or any other allegations sufficient to support that the failure to respond to the grievances violated his constitutional rights or otherwise caused his alleged injuries.  Accordingly, the Unknown Centurion Director of Nursing and Unknown NaphCare Facility Health Administrator, as well as Counts 9, 10, 25, and 26, will be dismissed without prejudice.

**V.    Claims for Which an Answer Will be Required**

Plaintiff has adequately stated claims against the remaining Defendants, and they will be required to answer the Second Amended Complaint.

. . . .

. . . .

## VI.    Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Non-Prisoner Application to Proceed In Forma Pauperis (Doc. 23) is **denied**.

(2)     Counts 9, 10, 25, and 26 are **dismissed** without prejudice.

(3)     Defendants Unknown Centurion Director of Nursing, Unknown NaphCare

Facility Health Administrator, and "John and Jane Does I-X" are **dismissed** without prejudice.

(4)     If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(5)     The remaining Defendants must answer Counts 1-8, 11-24, and 27-29.

(6)     Plaintiff must either serve Defendants in compliance with the applicable rules of the Federal Rules of Civil Procedure, and the Local Rules of this Court, or seek a waiver of service from Defendants.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(8)     Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(9)     This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 13th day of March, 2024.

James A. Teilborg
Senior United States District Judge